**G. SIMONS & CO. S.A., as the Manager of AG 1824, Plaintiff–Counter–Defendant–Appellee,**

v.

**UNITED TRANSPORT ASSOCIATES, LTD., Defendant,**

**New Bar of North America, Ltd., Defendant–Counter–Claimant–Appellant.**

No. 05–2932.

United States Court of Appeals, Second Circuit.

March 16, 2006.

Eric B. Kaviar, Brooklyn, NY, for Appellant.

Terry L. Stoltz, Nicoletti Hornig Campise & Sweeney, New York, NY, for Appellee.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and DENNY CHIN, District

Judge.*

## SUMMARY ORDER

New Bar of North America, Ltd. ("New Bar") appeals a judgment of the district court that found plaintiff G. Simons & Co. S.A., as the Manager of AG 1824 (the "insurer"), not liable to New Bar on an open-cover policy of marine insurance issued to United Transport Associates, Ltd. ("United"). We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues.

Although the district court held that the insurer was not liable for several reasons, we need reach only one to affirm. The district court correctly held that New Bar failed to give notice to the insurer in a reasonably timely manner. New Bar's two-month delay was unreasonable as a matter of law. *See Whalen v. W. Assurance Co. of Toronto,* 185 F. 490, 492 (2d Cir.1911) (holding that a three-week delay in giving notice under a marine insurance policy was unreasonable); *cf. Olin Corp. v. Ins. Co. of N. Am.,* 966 F.2d 718, 723 (2d Cir.1992) (collecting liability insurance cases in which delays of less than two months were held to be unreasonable). New Bar's delay is not excused by its alleged notice to United. Although United could act as an agent of the insurer for purposes of issuing coverage, *see N.Y. Marine & General Ins. Co. v. Tradeline (L.L.C.),* 266 F.3d 112, 122–23 (2d Cir. 2001), the insurance policy and the certificate of insurance at issue name International Adjusters Ltd. as the insurer's broker and the party to whom notice of loss is to be given. Because there is no competent evidence that timely notice was given either to International Adjusters Ltd. or to the insurer, the insurer has no liability.

We therefore affirm the judgment below without reaching the remaining grounds on which the district court held that the insurer had no liability to New Bar.